**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-6549

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHAWN SADLER, a/k/a Tangulifu M. Barber, a/k/a Carlos Watts,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:04-cr-00330-CMC-5; 3:10-cv-70219-CMC)

Submitted:  October 31, 2011          Decided:  November 4, 2011

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Shawn Sadler, Appellant Pro Se.   William Kenneth Witherspoon,
Assistant United States Attorney, Nancy Chastain Wicker, OFFICE
OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Sadler seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2011) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Sadler claims appellate counsel was ineffective for failing to notify him of his right to file a petition for writ of certiorari after receiving an adverse decision from this court on direct appeal. This court's Plan adopted pursuant to the Criminal Justice Act provides that every attorney who represents a defendant on direct criminal appeal shall continue

2

to represent the defendant until relieved by this court or the Supreme Court. Further,

> If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk . . . counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.
>
> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari.

Plan In Implementation of the Criminal Justice Act, Part V, § 2.

Sadler's counsel on direct appeal did not file a petition for writ of certiorari, nor did he seek permission for leave to withdraw from further representation. The record is unclear as to whether Sadler's counsel informed him of his right to petition for a writ of certiorari in the Supreme Court. We therefore grant a certificate of appealability on this issue and remand for the limited purpose of allowing the district court to make factual findings regarding whether counsel complied with

3

his obligations under the CJA.[*] The record, as supplemented, shall be returned to this court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

---

[*] We have not yet considered the remaining claims raised by Sadler. Those claims will be addressed when the case is returned to this court following the limited remand.

4